FILED

05/12/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0224

DA 19-0224

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 122N

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DESMOND ALLEN MACKAY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC-14-034
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Desmond Allen Mackay, Self-Represented, Shelby, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

      Steven Eschenbacher, Lake County Attorney, James Lapotka, Deputy
County Attorney, Polson, Montana

Submitted on Briefs: April 8, 2020

Decided: May 12, 2020

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Desmond Allen Mackay appeals the Twentieth Judicial District Court's order denying his motion to withdraw guilty plea. Mackay challenges the voluntariness of his plea and argues that he should be afforded a hearing on his claim of ineffective assistance of counsel. We affirm.

¶3 On September 17, 2015, Mackay appeared in open court with his counsel and pleaded guilty to mitigated deliberate homicide. On November 19, 2015, the District Court sentenced Mackay to Montana State Prison for forty years, with a twenty-five year parole eligibility restriction. Through the Office of Appellate Defender, Mackay appealed, but he later voluntarily dismissed his appeal, attesting that he did not wish to continue with it. *See State v. Mackay*, No. DA 16-0028, Or. (Mont. Oct. 31, 2016). On May 17, 2018, Mackay filed a motion to withdraw his guilty plea. The State never responded, and the District Court entered its denial order March 8, 2019.

¶4 Mackay filed a petition for writ of supervisory control with this Court on March 21, 2019. Citing to M. R. App. P. 14(3), Mackay argued that the District Court was proceeding under a mistake of law and causing a gross injustice by refusing to review his motion. By order entered April 3, 2019, we denied his petition, noting that he

had a remedy of appeal. *Mackay v. 20th Jud. Dist.*, OP 19-0178 (Or. Apr. 2, 2019). Mackay filed his notice of appeal on April 12, 2019.

¶5 Mackay sought to withdraw his plea on the ground that the evidence and witness statements showed the deceased was not Mackay's intended victim, but that Mackay killed him by mistake. He reasserts this position on appeal: because a jury could have been warranted in finding him guilty of negligent homicide, his counsel was deficient in not providing competent legal advice on this point, preventing Mackay from making a knowing and intelligent decision when he made the choice to plead guilty to mitigated deliberate homicide.[1] The District Court held that Mackay had not raised his claims in a timely fashion and that a mistake of fact as to the identity of the victim did not relieve him from having the mental state of purposely or knowingly.

¶6 We review a district court's denial of a defendant's motion to withdraw his guilty plea to determine whether the court's findings of fact are clearly erroneous and whether its interpretation and application of the law to the facts are correct. *State v. Warclub*, 2005 MT 149, ¶ 24, 327 Mont. 352, 114 P.3d 254. The dispositive issue in this case is one of law, the timeliness of Mackay's motion.

¶7 Under Montana law, a district court may permit a defendant, for good cause shown, to withdraw his plea of guilty within one year from the date the judgment

---

[1] Mackay also raises, for the first time on appeal, a claim that his appellate counsel was ineffective by failing to seek withdrawal under *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967) (when appellate counsel is unable to find any non-frivolous issues to raise on appeal, counsel must file a brief advising the Court of her conclusion). We decline to consider this argument. *See, e.g., State v. Martinez*, 2003 MT 65, ¶ 17, 314 Mont. 434, 67 P.3d 207.

becomes final.  Section 46-16-105(2), MCA.  Section 46-16-105(2)(b), MCA, provides that if appeal is taken to the Montana Supreme Court, a judgment becomes final when the time for petitioning the United States Supreme Court expires.[2]  This Court dismissed Mackay's appeal with prejudice at his request on October 31, 2016.  *State v. Mackay*, DA 16-0028 (Or. Oct. 31, 2016).  Even allowing Mackay the ninety days for seeking Supreme Court review (which he waived by voluntarily dismissing his direct appeal), he had until January 30, 2018, to file his motion.  But he did not file it until May 17, 2018, nearly three months beyond the longest possible time bar.

¶8      Section 46-16-105(2), MCA, permits an exception from the one-year time bar "when a claim of innocence is supported by evidence of a fundamental miscarriage of justice[.]"  Mackay may not take advantage of this exception. As the District Court correctly observed, there is no legal support for a claim that trial counsel should have advised Mackay he could be exonerated when Mackay acknowledged that he deliberately struck the victim in the head with a hammer, even if it wasn't the person he wanted to attack.  Section 45-5-103(1), MCA, defines mitigated deliberate homicide in relevant part as "purposely or knowingly caus[ing] the death of *another human being*[.]" (Emphasis added.)  It does not require specific intent.  *State v. Starr*, 204 Mont. 210, 218, 664 P.2d 893, 897 (1983) ("Since Montana revamped its criminal statutes in 1973 by adopting in essence the Model Penal Code, specific intent is not an elemental concept, unless the statute defining the defense requires as an element thereof a specific

---

[2] A party has ninety days from the date of judgment within which to petition the Supreme Court for a writ of certiorari.  U.S. Sup. Ct. Rule 13.1.

purpose."); *State v. Van Dyken*, 242 Mont. 415, 434, 791 P.2d 1350, 1362 (1990) (noting that "a defendant can properly be convicted of deliberate homicide even though he may not have intended that the death result from the act where he contemplated the same kind of harm or injury to the victim."). *See also* 1 W.R. LaFave & A. W. Scott, Jr., *Substantive Criminal Law* § 3.5 at 310-11 (1986) (discussing the principle of "transferred intent" and noting that where the crime "merely requires the intent to kill another," the fact that the defendant missed and struck the wrong person is only an issue of causation). Mackay has no claim to actual innocence to excuse the untimeliness of his motion.

¶9     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. The District Court correctly ruled that Mackay's motion to withdraw his guilty plea was untimely, and its order is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON